*law Library*

## IN THE SUPERIOR COURT OF GUAM

RICHARD J. UNTALAN AND EDWARD G. UNTALAN,

    Plaintiffs,

vs.

CHRISTOPHER STAHL,

    Defendant.

CIVIL CASE NO. CV1212-11

DECISION & ORDER

This matter came before the HONORABLE VERNON P. PEREZ on October 26, 2012. Attorney Ron Moroni represented Defendant, who was present. Attorney Jacques G. Bronze represented Plaintiff, who was present. The Court took the motion under advisement. After having heard the Parties' arguments, considering the Parties' pleadings and the record, the Court now issues the following Decision and Order.

## BACKGROUND

The background of this case rests on an agreement between Plaintiffs Richard J. Untalan and Edward G. Untalan (hereinafter "Plaintiffs") and Defendant Christopher Stahl (hereinafter "Defendant"). The Plaintiffs filed their Complaint on August 3, 2011 asking for damages, interest and attorney's fees. The Defendant filed an Answer on September 9, 2011 and Motion for Judgment on the Pleadings on May 4, 2012. The Plaintiffs opposed the motion and filed a Cross-Motion for Summary Judgment on August 16, 2012. In this Decision and Order, the Court will only address the dispositive motion and cross-motion by the opposing Parties. To the extent that other issues remain pending, the Court will address those issues in the future.

## DISCUSSION

### I.    Summary Judgment or Judgment on the Pleadings

The Court deems Defendant's motion and the Plaintiffs' cross-motion as competing motions for summary judgment. The Court makes such a conclusion based on the review of information and argument outside of the pleadings. *See* GRCP Rule 12(c). Furthermore, the

*Richard J. Untalan and Edward G. Untalan v. Christopher Stahl,*
Decision and Order
Civil Case No. CV1212-11        - Page 1 of 5 -

Court will address both motions in this Decision and Order pursuant to the Court's indication to do so at the August 31, 2012 hearing.

## II.     Defendant's Motion

### Standard for Summary Judgment

Summary judgment shall be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. A genuine issue exists when there is sufficient evidence establishing a factual dispute requiring resolution by a fact-finder. *Iizuka Corp. v. Kawasho Int'l Inc.*, 1997 Guam 10 ¶ 7; *T.W. Elect. Serv Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987). The factual dispute must concern a material fact. *Id.* Whether a fact is material is determined by the governing substantive law; if the fact may affect the outcome, it is material. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Edwards Co . v. Kawasho Int'l Inc.*, 2000 Guam 27 ¶ 7.

Inferences must be drawn, and evidence must be viewed in the light most favorable to the non-moving party, and the moving party carries the burden of showing the Court those portions of the relevant documents which it believes demonstrate the absence of an issue of material fact. *Edwards Co. v. Kawasho Int'l Inc.*, 2000 Guam 27 ¶ 7. The moving party is not required to negate each element of the non-moving party's case. Rather, the moving party satisfies and discharges its burden by establishing the absence of evidence to support the non-moving party's case. *Kim v. Hong*, CVA97-007, 3 (1997). If a lack of evidence is established by the moving party, the non-moving party must present specific facts showing there is a genuine issue for trial. The non-moving party may not merely rely on conclusory allegations contained in the pleadings, but must present some significant probative evidence tending to support his assertion. *Id.* If the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, for which the party will bear the burden of proof at trial, then Rule 56(c) requires entry of summary judgment against the non-moving party. *See Celotex Corp. v. Catrett*, 477 U.S. 31(1986).

## Controversy as to Material Facts

Defendant argues that the four year statute of limitations provided for in 7 GCA § 11303 bars the Plaintiff's complaint in this case. Defendant suggests that no controversy of material facts exist and judgment should be entered in his favor. Defendant contends that Plaintiff provided no affirmative pleading to explain why the complaint was not barred by the statute of limitations as required under *Amsden v. Yamon,* 1999 Guam 14.

The Plaintiffs object to summary judgment by stating that the statute of limitations is tolled when there is an acknowledgement of the debt. Furthermore, the Plaintiffs argue that a promissory estoppel argument prohibits the Defendant from winning in summary judgment.

Here, the Court agrees with the Plaintiffs regarding the application of the *Amsden* decision. The *Amsden* Court only required that Plaintiff "must plead facts which show an excuse, tolling, or some other basis for avoiding the statutory bar." *Amsden* at ¶12. The Complaint contained several allegations that Defendant requested more time to become current on the note at issue. Complaint at ¶13. Defendant asked the Plaintiffs to "please hold on just a little longer!" *Id.* Therefore, the Complaint affirmatively plead facts that tend to prove an exception to the statute of limitations. The Plaintiffs did not hide from the dates relevant to the Complaint. They expressly stated the date of the note in the Complaint being "[o]n or about March 24, 2004." *Id* at ¶5. From the Complaint alone, it is clear that Plaintiffs intend to argue that the statute of limitations is tolled from the factual allegations presented. The Court will not dismiss the Complaint under *Amsden* as the Plaintiffs plead facts which tend to show tolling occurred.

Furthermore, the tolling requirements may actually be met. If the facts presented in the Complaint are true, Defendant made several acknowledgments of the debt and made additional promises to prevent the Plaintiffs from pursuing a civil claim.[1] Thus, the four years did not begin until the breach of Defendant's final promise to pay or his latest acknowledgment of the debt. 7 GCA § 11412 may very well apply if either Party can convince the Court on the issue of

---

[1] A promise can easily be found where there is consideration. If proven at trial, the allegations that Defendant expressed a desire to make payment in the hopes that the Plaintiffs would not take civil action show adequate consideration from both Parties.

whether Defendant's emails promising to pay should be deemed as signed writings or irrelevant documents.

Furthermore, the Complaint did allege facts that indicated affirmatively that Defendant acknowledged the debt. Complaint at 2-3. The Plaintiffs' Complaint does not violate the four year statute of limitations provided in 7 GCA § 11303 as the Court currently views the case based on the factual allegations presented in the Complaint. In addition, the Court has reviewed all of Defendant's alleged defenses and no alleged defense is currently strong enough to warrant dismissal of the complaint without additional evidence. Finally, the Court finds sufficient material facts in controversy as to prohibit summary judgment. Summary judgment, or judgment on pleadings, is not currently appropriate and Defendant's motion is denied.

## II.    Plaintiffs' Motion

The Plaintiffs' Cross-Motion for Summary Judgment will be reviewed applying the same standard discussed above. The Court also applies the same analysis from above in the determination of the issue of whether dispute as to material facts exists. The Plaintiffs argue that no material issues are in dispute.[2]

As explained above, the Court finds sufficient material facts in controversy to prohibit summary judgment at this stage in the case. The Court has concerns over material facts that may affect the Plaintiffs' claims for promissory estoppel or request for damages under a breach of contract claim. As to each of the defenses alleged by Defendant, the current state of the facts is insufficient for the Court to find summary judgment appropriate. Only at trial, with the presentation of witnesses and after a complete review of all relevant evidence, can the finder of fact rule on all material facts alleged in this case. For example, the Court could not possibly make a ruling on which note is the note to have been breached, which email serves as the valid tolling instrument, if any, and whether any of the alleged defenses are supported by the evidence. The Court agrees with the Plaintiffs that many, if not all, of the remaining issues

---

[2] The Court believes it to be mildly disingenuous for the Plaintiffs to argue that trial controversy exists while opposing Defendant's Motion for Judgment on the Pleadings but then argue that no material issues of fact are in dispute while requesting summary judgment from the Court.

relate to legal conclusions. Yet, the facts relevant to those legal conclusions need to be more fully fleshed out.

## CONCLUSION

The Defendant's Motion for Summary Judgment is hereby DENIED. The Plaintiffs' Motion for Summary Judgment is hereby DENIED. A Status Hearing is scheduled for January 28, 2013 at 9:00a.m..

So ORDERED this ___ day of December, 2012.

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the Office of the Clerk of the Superior Court of Guam. Dated at Hagåtña, Guam.

DEC 17 2012

Leonard F. Ventura
Deputy Clerk, Superior Court of Guam